UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARVIN L. ASHMEADE,

                Plaintiff,

vs.                               Case No.  5:15-cv-533-OC-34PRL

FARMERS INSURANCE EXCHANGE
d/b/a 21st CENTENNIAL INSURANCE
COMPANY,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs (Doc. 10; Motion) filed on November 10, 2015.  Defendant filed a response to the Motion on November 23, 2015.  See Defendant 21st Century Centennial Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion for Remand (Doc. 13; Response).

**I.**    **Background**

Plaintiff Marvin Ashmeade was involved in a motor-vehicle accident in Clermont, Florida, on September 4, 2012.  Complaint (Doc. 2) at 2.  He asserts that the driver of the other vehicle, John Anthony Rodriguez, negligently operated his vehicle causing a collision with Ashmeade.  Id.  As a result of the accident, Ashmeade asserts that he suffers from the following:

> [P]ermanent injury to the body as a whole, pain and suffering of both physical and mental nature, disability, disfigurement, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation

> of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead an[d] enjoy a normal life, as well as property damage and other economic losses.

Id. at 2. Rodriguez was underinsured and as such his liability insurance limit was not enough to cover Ashmeade's damages. Id. at 3. At the time of the accident, Ashmeade carried uninsured/underinsured-motorist ("UM") coverage with Defendant 21st Centennial Insurance Company ("21st Century") in the amount of $100,000. Id. To date, Ashmeade's medical expenses total $12,941.31. Plaintiff's Motion for Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs Motion Exhibits (Doc. 10-1; Motion Exhibits) at 3. However, 21st Century has offered to pay only $4,200 after three separate requests by Ashmeade to resolve the claim. See id. at 9-11. As a result, Ashmeade initiated this action in August 2015, by filing suit against 21st Century in state court. See Complaint at 7. Ashmeade alleges in Count I of the Complaint that 21st Century breached its contract to pay the UM coverage, and seeks to recover the benefits in accordance with the policy by jury trial. See id. at 3-4. In Count II, Ashmeade contends that he is entitled to the coverage and that 21st Century refused to pay in bad faith. See id. at 4-6. In Count III, Ashmeade requests a declaration as to the total amount of damages he suffered in the accident, since that total is still unknown. See id. at 6-7.

Ashmeade served 21st Century with process on September 14, 2015. See Notice of Removal (Doc. 1; Notice) at 1. Within thirty days of service, on October 13, 2015, 21st Century removed the action to this Court. See id. at 4. In removing this action, 21st Century invoked the Court's jurisdiction under 28 U.S.C. § 1332, asserting that the parties are citizens of different states and that the amount in controversy exceeds $75,000. Id. at 3.

In the instant Motion, Ashmeade moves to remand this action to state court, contending that the amount in controversy does not satisfy the jurisdictional threshold required under § 1332. See Motion at 3.  Additionally, citing 28 U.S.C. § 1447(c), Ashmeade requests an award of attorney's fees and costs incurred as a result of 21st Century's improper removal of this action. See id. at 9.  21st Century opposes the Motion for Remand. See Response.

## II.     Applicable Law

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. Kirkland v. Midland Mtg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  Here, where Defendant relies on diversity jurisdiction under § 1332 as the basis for removal, this burden requires Defendant to show both that the parties to the action are citizens of different states and that the amount in controversy exceeds $75,000. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In this case, Plaintiff does not dispute that the parties are of diverse citizenship.[1] See Motion at 3.  Therefore, the only jurisdictional question before the Court concerns whether the amount in controversy requirement has been satisfied. Williams, 269 F.3d at 1319.

---

[1]     Plaintiff is a citizen of the state of Florida, and Defendant is a foreign corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Wilmington, Delaware. Therefore, under 28 U.S.C. § 1332(c), Defendant is a citizen of Pennsylvania and Delaware. See Notice at 3.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (quoting Williams, 269 F.3d at 1319); Roe, 613 F.3d at 1061.[2] "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." Roe, 613 F.3d at 1061. However, in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" Id. (quoting Pretka, 608 F.3d at 754).

In determining the amount in controversy, a court may not speculate or guess. See Pretka, 608 F.3d at 752. However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. All that is required is that a removing

---

[2] By contrast, if the plaintiff asserts in his or her ad damnum clause a specific claim for less than the jurisdictional amount, the removing defendant must prove "to a legal certainty" that the plaintiff, if he or she prevailed, would not recover below the jurisdictional amount of $75,000. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Inasmuch as Plaintiff has not pleaded a specific amount in controversy in his Complaint, Defendant must establish the amount in controversy by a preponderance of the evidence.

defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752.

In determining whether the amount in controversy has been met following removal, a court may consider settlement or demand letters. See AAA Abachman v. Stanley Steemer Intern., Inc., 268 F. App'x 864, 866 (11th Cir. 2008); see also Ralph v. Target Corp., No. 6:09-cv-1328-Orl-19KRS, 2009 WL 3200680, at *2-3 (M.D. Fla. Sept. 30, 2009) (finding a demand letter for $100,000 constituted "legally certain evidence" that a plaintiff sought more than $75,000). Yet if the demand is made prior to suit, a court may refuse to credit the sum demanded if it does not correlate the plaintiff's damages. See Burns v. Ford Motor Co., No. 2:08-cv-352-FtM-29SPC, 2008 WL 4791111, at *2 (M.D. Fla. Oct. 31, 2008) (noting that a pre-suit demand letter could reflect posturing for settlement instead of an honest assessment of damages); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (distinguishing between settlement offers that "reflect puffing and posturing" from those that provide specific information to suggest that the letter offers a reasonable assessment of the value of the claim). Notably, settlement offers alone are not determinative of the amount in controversy. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

### III. Analysis

To determine that the amount in controversy has been met and that remand is not warranted, the Court must find that Ashmeade's damages reasonably total more than $75,000. See 28 U.S.C. § 1332(a). Although Ashmeade's damages have not been resolved, the Court can make a reasonable deduction "from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754). In the Complaint, Ashmeade lists pain and suffering, medical expenses, loss of earnings, property damage, and other economic damages as injuries he suffered from the crash. Complaint at 2. According to the evidence, Ashmeade has reached a Maximum Medical Improvement status with medical expenses totaling $12,941.31. Motion Exhibits at 3. Additionally, he lost his job as a school bus driver that paid $17,000 a year, due to his injuries. Id. at 4. However, the evidence sheds no light on how long he was actually unemployed, but it could not have been longer than eighteen months because the Motion Exhibits reflect that Ashmeade had found a new job. See id. The evidence is also quite vague as to what the actual "property damage and other economic losses" are, as well as what amount might be sought for pain and suffering. See Complaint at 2. 21st Century has only ever offered Ashmeade a maximum payout of $4,200 for the crash. Motion Exhibits at 9-11. Based on this record, 21st Century has failed to show that Ashmeade's damages reasonably exceed $75,000.

Nonetheless, 21st Century maintains that remand is not warranted because in order to show the amount in controversy, the Defendant does not need to prove that "Plaintiff is

entitled to recover more than $75,000 or that Plaintiff is entitled to recover anything at all. Defendant [only needs to] show that Plaintiff has put at least $75,000 in controversy by bringing [the] lawsuit." Response at 5. 21st Century argues that the amount in controversy is satisfied based on Ashmeade's demand letter in which Ashmeade's counsel states, "[d]ue to the obvious permanent impairment Marvin Ashmeade has sustained, I feel that this case has a jury value far in excess of the $100,000 sum in demand." Id. at 6-8, Motion Exhibits at 4. However, this Court recognizes that pre-suit demand letters can often reflect puffing and posturing instead of an honest assessment of damages. See Ford Motor Co., 2008 WL 4791111 at *2. In these cases, the Defendant must provide specific information to the Court demonstrating that the demand letter offers a reasonable assessment of the value of the claim. Jackson, 651 F. Supp. 2d at 1281.  21st Century did not provide any additional evidence to show that the demand letter's proposed value is reasonable.  Therefore, the amount in controversy is still unsatisfied by Ashmeade's demand letter.

Next, 21st Century argues that the amount in controversy can be satisfied based on Ashmeade's bad faith claim asserted in Count II of the Complaint. See Response at 8-9. In Count II Ashmeade asserts that 21st Century violated section 624.155 of the Florida Statutes by "failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim . . . ." Complaint at 4-5. He further states that as a result of 21st Century's failure to cure the bad faith, Ashmeade is entitled to recover the total amount of his damages from the crash in addition to:

> [I]nterest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorney's fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist

> benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of section 624.155, Florida Statutes; and post-judgment interest.

Id. at 5.

However, "[a]bsent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle." Marquez v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-241-Orl-36KRS, 2014 WL 2968452 at *2 (M.D. Fla. June 30, 2014) (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991)). In other words, a bad faith claim "cannot exist unless there has been a determination" of liability and damages. Id. If there has been no resolution as to the liability and damages, then the bad faith claim has not accrued and has no current value. Id. at *3. If a bad faith claim has not accrued, it "cannot be considered in determining whether the Court has subject matter jurisdiction over [the] case." Id. Here no determination of liability and damages for the crash has been made. As such, the bad faith claim has not accrued and therefore has no current value. See Marquez, 2014 WL 2968452 at *2 (citing Blanchard, 575 So. 2d at 1291). Since Ashmeade's bad faith claim has not accrued, it "cannot be considered in determining whether the Court has subject matter jurisdiction over [the] case." Id. at *3.

Based on the Court's review, 21st Century has failed to show that the amount in controversy exceeds the $75,000 jurisdictional amount required. See 28 U.S.C. § 1332(a). Ashmeade's economic damages are well below the amount in controversy threshold for diversity jurisdiction, and 21st Century has failed to show by a preponderance of the evidence that other damages will reach the requisite threshold. Moreover, the Court sees no connection between the pre-suit demand for $100,000 and Ashmeade's actual damages.

On the evidence before the Court, it cannot be said that the demand letter unambiguously establishes the amount in controversy; rather, the demand letter appears to be more accurately described as puffing and posturing. Although additional damages may well exist, the Court will not speculate to supplement the documentation provided by Ashmeade. Additionally, since there has been no resolution as to Ashmeade's liability and damages, the bad faith claim has not accrued, and therefore will not be considered in determining the amount in controversy. Thus, 21st Century has failed to carry its burden of demonstrating that federal jurisdiction exists, and this action is due to be remanded to the state court.

Next, the Court turns to Ashmead's request for an award of attorney's fees and costs incurred as a result of 21st Century's improper removal of this action. See Motion at 9-10. A court may award fees and costs incurred as a result of removal when it remands a case. 28 U.S.C. § 1447(c). However, it may do so "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In light of the representations presented in Ashmeade's demand letter, the Court declines to find that 21st Century lacked an objectively reasonable basis to seek removal of this action. Thus, Ashmeade's request for fees and costs will be denied.

Accordingly, it is

**ORDERED**:

1. Plaintiff Marvin Ashmeade's Motion for Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs (Doc. 10) is **GRANTED, in part, and DENIED, in part.**

2. The Motion is **GRANTED** to the extent that the Clerk of Court is directed to remand this case to the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. To the extent Plaintiff seeks an award of attorney's fees and costs, the Motion is **DENIED**.

4. The Clerk of Court is further directed to terminate all pending motions and deadlines and close this file.

**DONE AND ORDERED** in Chambers on May 3, 2016.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i33

Copies to:

Counsel of Record
Clerk of the Circuit Court, Fifth Judicial Circuit, Lake County, Florida